PEREZ R. JACOBS vs. DANIEL B. MEASURES.

An assistant clerk, appointed by the court under legislative authority, may sign, in the ab-
sence of the clerk, writs required by the Constitution to be signed by "the clerk of such
court," although the Constitution now requires "clerks of courts" to be elected by the
people.

The assistant clerk of the courts in Middlesex is authorized by the St. of 1851, c. 38, § 3,
to sign precepts, although the clerk is acting as such in another town within the county.

ACTION OF TORT for an assault and battery. Answer, that
the defendant was resisting the plaintiff in making an unlawful
arrest in the defendant's dwelling-house.

At the trial in the court of common pleas in Middlesex at
December term 1858, the plaintiff proved that he was a deputy
sheriff in that county, and on the 6th of May 1856 received a
*capias* in due form of law from that court, signed by "M. Pres-
ton, assistant clerk," with orders to take the body of Francis
Measures named therein, and went to the house of the defend-
ant, where said Francis lived and then actually was; that the
plaintiff demanded an entrance, and being refused by the de-
fendant, with threats of violence if he entered, broke open the
door and arrested Francis, and while so in the house received
from the defendant the injuries complained of; but he admitted
that the force used by the defendant was not excessive if the
plaintiff was unlawfully in the house.

When the *capias* was issued, the clerk of the court was at
Lowell in said county, in attendance upon the supreme judicial
court then sitting there.

The defendant contended that upon this evidence the action
could not be maintained, and *Sanger*, J., "for the purpose of
the trial," so ruled. A verdict was taken for the defendant,
and the plaintiff alleged exceptions, which were argued at Bos-
ton in February 1859.

*J. Q. A. Griffin*, for the plaintiff.

*B. F. Butler*, for the defendant. 1. By the Constitution of
Massachusetts, c. 6, art. 5, "all writs, issuing out of the clerk's
office in any of the courts of law, shall be signed by the clerk of

such court." And by the nineteenth article of amendment of the Constitution, adopted in 1855, "clerks of the courts" must be chosen by the people." Since that amendment, the duties required of the clerk by the Constitution cannot be performed by an officer not so elected. *People* v. *Warner*, 7 Hill, 81, and 2 Denio, 272. The assistant clerk of the courts in Middlesex is not elected by the people, but is appointed by this court. *St.* 1851, *c.* 38, § 1.

2. If the legislature can authorize the performance of such duties by a clerk not elected, they have not done so in this case. The powers conferred upon him are only to "authenticate papers and perform such other duties of the clerk as shall not be performed by him, and, in case of the absence, neglect, removal, resignation or death of the clerk," to "complete and attest any records remaining unfinished, and act as clerk of the courts until a new clerk be appointed and qualified." *St.* 1851, *c.* 38, § 2. This does not authorize him to sign original precepts, at least when the clerk is within the county and acting as clerk. And the right of the assistant to act should appear on the face of the precept.

METCALF, J. An officer, in the execution of valid criminal process, is justifiable in breaking the outer door of a dwelling-house, after demanding admittance and being refused. This is not questioned by the defendant. The single question in this case therefore is, whether the assistant clerk had authority to sign the process in the service of which the plaintiff broke the defendant's door. If he had that authority, then that process was lawful on its face, and the plaintiff is entitled to maintain this action. The assistant clerk's authority is denied by the defendant, for the reason that, by the Constitution of the Commonwealth, "all writs issuing out of the clerk's office in any of the courts of law shall" (among other things) "be signed by the clerk of such court." It is contended that an assistant clerk is not "the clerk," within the meaning of the Constitution. But a majority of the court are of opinion that any person who is lawfully authorized to act as clerk and do the duties of clerk is "the clerk" who is authorized to sign writs issuing from the

clerk's office. Such is the long settled practical construction of this part of the Constitution.

By *St.* 1782, *c.* 9, establishing a supreme judicial court, it was enacted that " all writs and processes " of the court should be (among other things) " signed by the clerk." There was the same enactment in *St.* 1782, *c.* 11, establishing courts of common pleas. Yet, in the first of these statutes was this direction " The justices of the supreme judicial court shall, from time to time, appoint a clerk, or clerks, to attend said court, and to record the proceedings thereof, and to do all other things which shall be by law their duty to do." And such has ever since been the statute law, till, by the recent change in the Constitution, clerks were made elective officers. *St.* 1830, *c.* 129. Rev. Sts. *c.* 88. Whenever the court, by virtue of that statute law, appointed two clerks, each of them was always deemed " the clerk " authorized to sign all writs and processes, and each did sign them. On the construction of the Constitution, now contended for, we do not see how any processes, so signed, were lawful. For the words " the clerk," on that construction, are not applicable to two clerks, or to either one of two rather than the other. Neither could have been " the clerk," unless each was.

When we find that, within two years after the Constitution went into operation, the legislature (of which many members had been in the convention which framed that constitution) passed the act of 1782, *c.* 9, copying into it the provision of the Constitution concerning the signing of writs, and then providing for the appointment of more than one clerk, it is manifest that they could not have understood that, by the Constitution, only one person in a county could be " the clerk " of the court, who could rightfully sign writs and processes. The contrary is inevitably to be inferred from their legislation ; and as the construction thus given to the Constitution has been adopted and acted upon for nearly fourscore years without question, it is too late to hold otherwise now, even if we could entertain a doubt as to the construction which we should deem right, were the point now raised for the first time.

Within a few years, this court has been authorized to appoint assistant clerks, whose duties and authority are set forth in the statutes authorizing their appointment. By the act under which the assistant clerk in this county was appointed, (*St.* 1851, *c.* 38,) he is authorized to "authenticate papers, and perform such other duties of the clerk as shall not be performed by him; and in case of the absence, neglect, removal, resignation or death of the clerk, may complete and attest any records remaining unfinished, and act as clerk of the courts in the said county until a new clerk be appointed and qualified." This, in our opinion, gave the assistant clerk authority to sign the process which was served by the plaintiff. The signing of it was one of the duties of the clerk, but, for a good reason, "not performed by him."                    *Exceptions overruled*